UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| MICHAEL ALLEN TOLLIVER, JR., ) | Case No. 15-60864 |
| ) | |
| Debtor. ) | |
| ) | |
| JOHN P. FITZGERALD, III, ) | |
| Acting United States Trustee For Region Four, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| *v.* ) | Adversary Proceeding |
| ) | Case No._____ |
| MICHAEL ALLEN TOLLIVER, JR., ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT TO DENY DISCHARGE**

John P. Fitzgerald, III, Acting United States Trustee for Region Four, by counsel, objects to the granting of a discharge to Michael Allen Tolliver, Jr. (the "Defendant") and in support thereof states as follows:

*Jurisdiction And Venue*

1. The Defendant commenced this case on May 6, 2015, by filing a petition for relief under chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Virginia, Lynchburg Division. The filing of the petition commenced case number 15-60864. The petition, schedules, statements, and any amendments thereto are incorporated by reference.

2. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

3. The statutory predicates for this complaint are 11 U.S.C. §§ 105 and 727.

1

4. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

6. This Complaint is timely filed.

7. Pursuant to Bankruptcy Rule 7008 the Plaintiff consents to the entry of final orders or judgment by the Bankruptcy Court.

*The Parties And General Background*

8. Plaintiff is the Acting United States Trustee for Region Four.[1]

9. At the time the Defendant filed the petition he resided at 905 Spring Road, Bremo Bluff, Virginia 23022 in Fluvanna County, Virginia (the "Spring Road Property").

10. Defendant filed schedules, the statement of financial affairs and related documents on May 19, 2015. (Docket No. 9).

11. On Schedule A, Defendant disclosed that he owed the Spring Road Property as joint tenants with right of survivorship with his ex-girlfriend.

12. On Schedule D, Defendant disclosed that Vanderbilt Mortgage held claim secured by the Spring Road Property.

13. On August 26, 2015, Vanderbilt Mortgage filed a Motion for Relief from the Automatic Stay seeking relief from the stay regarding the Spring Road Property based on the Defendant's failure to make payments. (Docket No. 26).

---

[1] The United States Trustee is a Department of Justice official charged with, among other things, supervising bankruptcy case administration. 28 U.S.C. § 586(a)(3). United States Trustees "serve as bankruptcy watch-dogs to prevent fraud, dishonesty, and overreaching in the bankruptcy arena." H.R. Rep. No. 95-595, at 88 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6049; *In re A-1 Trash Pickup, Inc.*, 802 F.2d 774, 775 (4th Cir. 1986). The United States Trustee is authorized to file a complaint objecting to the Debtor's discharge. 11 U.S.C. § 727(c)(1).

14. On October 16, 2015, the Court entered an agreed Consent Order modifying the automatic stay. (Docket No. 47). The Consent Order provided that the Debtor would make regular monthly payments to Vanderbilt and cure the arrearage by paying it under a plan pro-rata with Defendant's attorney fees. The Consent Order also provided a mechanism for relief from the stay without further hearing should the Defendant default under his payment obligations.

15. The Debtor filed a number of amended plans. On December 9, 2015, the Court entered an Order Confirming the Debtor's Chapter 13 Plan filed on October 15, 2015 (Docket No. 56).

16. The Defendant appears to have had a successful chapter 13 for, approximately, the next 18 months. At that point, the Defendant apparently began suffering financial problems.

17. On June 8, 2017, the Chapter 13 Trustee filed a Motion to Dismiss the case based on the Defendant's failure to make payments under the confirmed plan. (Docket No. 58).

18. The dispute with the Trustee was resolved by the entry of a Consent Order on August 8, 2017. (Docket No. 61).

19. On December 12, 2017, Vanderbilt Mortgage filed a Notice of Default under the October 16, 2015 Order. (Docket No. 62). The Notice of Default states that the Defendant had failed to make the October, November and December 2017 payments.

20. The Defendant filed a response to the Notice of Default, but after a hearing the Court entered an Order dated January 19, 2018 granting Vanderbilt Mortgage relief from the Automatic Stay. (Docket No. 65).

21. After the January 19, 2018 Order was entered, Seth E. Twery, a lawyer who practices in Lynchburg, Virginia, was appointed as substitute trustee under the Vanderbilt Mortgage deed of trust.

3

22. On February 20, 2019, Mr. Twery, as trustee, caused a notice of substitute trustee's sale to be published in the Farmville Herald regarding the Spring Road Property.

23. The notice sets out that the foreclosure sale was scheduled for March 7, 2019 at 10:00 a.m. at the Courthouse for the Circuit Court of Fluvanna County.

24. On information and belief, Mr. Twery, as trustee, would have caused a letter to be sent to the Defendant notifying him of the foreclosure and the date of the sale.

25. On February 27, 2019, Mr. Twery, as trustee, caused a notice of substitute trustee's sale to be published in the Farmville Herald regarding the Spring Road Property.

26. The second notice also sets out that the foreclosure sale was scheduled for March 7, 2019 at 10:00 a.m. at the Courthouse for the Circuit Court of Fluvanna County.

27. On March 6, 2019, the day before the foreclosure sale, a voluntary chapter 13 petition was filed in the Central District of California in the name of Michael A. Tolliver (the "California Petition"). Schedule A and D were filed along with the petition. A copy of the California Petition and Schedules A and D are attached as **Exhibit 1**.

28. The California Petition initiated case number 2:19-bk-12414-WB (the "California Case").

29. The California Petition was filed under the penalty of perjury. *See* **Exhibit 1**, pg. 6.

30. The only asset identified on Schedule A was the Spring Road Property. The only creditor identified on Schedule D is Vanderbilt Mortgage.

31. On information and belief, the social security number used in connection with the California Petition matches the Defendant's social security number.

4

32. The California Petition sets out a physical and mailing address in the Los Angeles, California area. *See* **Exhibit 1**, pg. 2.

33. The California Petition states that "[o]ver the last 180 days before filing this petition, I have lived in this district longer than in any other district." *See* **Exhibit 1**, pg. 2.

34. The California Petition states that no prior bankruptcy has been filed in the last 8 years. *See* **Exhibit 1**, pg. 3.

35. The California Petition states the filer "did not pay or agree to pay someone other than an attorney to help you fill out your bankruptcy forms." *See* **Exhibit 1**, pg. 7.

36. On information and belief, the Defendant did not live at the address set out in the California Petition or receive mail at the address set out in the California Petition at the time the California petition was filed.

37. On information and belief, the Defendant had not lived at the address set out in the California Petition at all in the 180 days before the filing of that petition.

38. The United States Trustee has located two other cases filed in the Central District of California in early 2019 that used the same address of residence as that included on the California Petition.

39. The filing of the California Petition caused cancelation of the foreclosure sale of the Spring Road Property.

40. Other than Schedules A and D, no other schedules or required documents were filed with the California Petition.

41. The Bankruptcy Court for the Central District of California entered an Order setting out documents required to be filed and set a deadline to do so of March 20, 2019.

42. No further filings were made in the California Case and it was dismissed on March 25, 2019.

43. On April 5, 2019, the Defendant filed a Motion to Convert the Case No. 15-60864 to Chapter 7.

44. An Order granting that motion and converting the case to Chapter 7 was entered on April 9, 2019.

45. The Section 341 meeting in the Chapter 7 case was held on May 17, 2019.

46. At the chapter 7 meeting of creditors the Defendant testified under penalty of perjury, among other things:

    A. That he was the co-owner of and lived in the Spring Road Property;

    B. That, other than the case for which he was before the Trustee, he had not filed any other bankruptcy case at any time;

    C. That he was not sure "where that [the California Petition] was coming from."

47. By Order dated July 16, 2019, the United States Trustee obtained approval of the Court to conduct a Bankruptcy Rule 2004 examination of the Defendant and to issue subpoenas to compel the production of documents and attendance of witnesses, including the Defendant. (Docket No. 84).

48. The Motion requesting authority to conduct the Rule 2004 examination sets out that the bankruptcy filing in the Debtor's name in the Central District of California was to be a subject of the examination. (Docket No. 80).

49. Vanderbilt Mortgage filed a Motion for Relief from Stay on August 1, 2019 regarding the Spring Road Property. (Docket No. 88).

50. Vanderbilt Mortgage filed an Amended Motion for Relief from Stay on the same date regarding the Spring Road Property. (Docket No. 90).

51. An Order was entered on August 19, 2019 granting Vanderbilt Mortgage relief from the automatic stay as to the Spring Road Property.

52. The United States Trustee's Rule 2004 Examination was scheduled for September 30, 2019 at 10:30 a.m. at Defendant's counsel's office.

53. Counsel for the United States Trustee caused a subpoena to be issued compelling the Defendant to appear and be examined. That subpoena was served on the Defendant on September 13, 2019. A copy of the subpoena with the return of service was filed with the Court (Docket No. 96) and is attached as **Exhibit 2**.

54. Counsel for the United States Trustee appeared on September 30, 2019, at 10:30 a.m. at the office of Debtor's counsel. Counsel for Defendant, counsel for the United States Trustee and the court reporter scheduled by the United States Trustee to record the examination waited in Debtor's counsel's office until 11:00 a.m. and the Debtor never appeared.

55. Defendant has not contacted any employee of the Office of the United States Trustee to explain his failure to appear at the Rule 2004 Examination.

56. Counsel for the United States Trustee is not aware of any contact by Defendant with his counsel to explain his failure to appear.

57. On information and belief, the Defendant resided at the Spring Road Property through at least August 19, 2019.

58. The Defendant has not filed a notice of change of address in the bankruptcy case, but it is unclear if he still resides at the Spring Road Property as of the date of this Complaint.

59. The United States Trustee obtained the original signatures of the Defendant in Case No. 15-60864 from counsel for the Defendant. The signatures on those documents appear to match the signature on the California Petition. Samples of those documents are attached as **Exhibit 3**.

### First Cause Of Action – 11 U.S.C. § 727(a)(4)(A)

60. The allegations set forth above are incorporated herein as if repeated in their entirety.

61. Section 727(a)(4)(A) of the Bankruptcy Code provides:

(a) The court shall grant the debtor a discharge, unless—

[Subsections (1), (2) and (3) omitted]

(4) the debtor knowingly and fraudulently, in or in connection with the case—

(A) made a false oath or account;

62. "A false oath is 'material,' and thus sufficient to bar discharge, if it bears a relationship to the bankrupt's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of his property." *In re Chalik*, 748 F.2d 616, 618 (11th Cir. 1984).

63. Plaintiff objects to the discharge of the Defendant pursuant to 11 U.S.C. § 727(a)(4)(A) on the grounds that the Defendant knowingly and fraudulently made false oaths in and in connection with this case as alleged herein.

64. The false oaths alleged herein were made "in or in connection with the case" in that they frustrated authorized creditor collection activity in Case No. 15-60864 and/or were made at the Section 341 meeting in Case No. 15-60864.

65. On information and belief, the Defendant signed and caused the California Petition to be filed.

8

66. On information and belief, the Defendant had the assistance of a non-lawyer to prepare the California Petition.

67. On the California Petition, and under penalty of perjury, the Defendant made multiple statements that are false, and that the Defendant knew were false, including but not limited to:

    A. His physical and mailing address;

    B. That he had lived in the Central District of California longer than in any other federal judicial district over the 180 days prior to the filing of the California Petition;

    C. That he had not filed any prior bankruptcy cases in the last 8 years;

    D. That he "did not pay or agree to pay someone other than an attorney to help you fill out your bankruptcy forms."

68. At his meeting of creditors on May 17, 2019 in Case No. 15-60864, Defendant gave material testimony under oath that he knew was false, including, but not limited to:

    A. That, other than the case for which he was before the Trustee, he had not filed any other bankruptcy case at any time;

    B. That he was not sure "where that [the California Petition] was coming from."

69 The Defendant's discharge should be denied under 11 U.S.C. § 727(a)(4)(A).

70. The United States Trustee reserves the right to alter, amend, or supplement this complaint as more information becomes available.

WHEREFORE, Plaintiff prays that the discharge of the Defendant from his debts be denied and that Plaintiff be granted such other and further relief as is just.

Dated: January 30, 2020.          JOHN P. FITZGERALD, III

                                  Acting United States Trustee for Region Four
                                   /s/ B. Webb King
                                  Trial Attorney for the United States Trustee

B. Webb King (VSB #47044)
210 First Street, S.W., Suite 505
Roanoke, Virginia 24011
Telephone: (540) 857-2838
Webb.King@usdoj.gov

10